**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HYDRO NET LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-00788-MN |
| | ) | |
| GE MDS, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
<u>**FOR FAILURE TO STATE A CLAIM**</u>

**REED SMITH LLP**
R. Eric Hutz (#2702)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
ehutz@reedsmith.com

OF COUNSEL:

Jennifer Yule DePriest
Sidharth Kapoor
**REED SMITH LLP**
10 S. Wacker Dr.,
Suite 4000
Chicago, IL, 60606
312-207-1000

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

Page

I.     INTRODUCTION & STAGE OF PROCEEDINGS..........................................................1

II.    SUMMARY OF ARGUMENTS....................................................................................2

III.   STATEMENT OF FACTS..........................................................................................4

       A.    The '706 Patent And The Asserted Claims ....................................................4

       B.    The '706 Patent Expired on January 12, 2021 ..............................................5

       C.    The Accused Product ....................................................................................7

IV.    LEGAL STANDARD................................................................................................7

V.     ARGUMENT ..........................................................................................................8

       A.    Hydro Net Still Fails To Plausibly Plead Facts To Support A Claim For
             Direct Infringement......................................................................................8

             1.    The un-amended claim chart fails to plead that GE makes or
                   performs the alleged invention...........................................................9

             2.    Hydro Net's amended allegations do not cure the deficiencies in its
                   direct infringement claims. .............................................................11

       B.    Hydro Net Fails To Adequately Plead A Plausible Claim For Indirect
             Infringement...............................................................................................13

             1.    The Amended Complaint fails to sufficiently plead pre-suit
                   knowledge of the '706 patent..........................................................13

             2.    Hydro Net still fails to adequately plead that GE knowingly
                   induced infringement and possessed specific intent to encourage
                   another's infringement. ...................................................................15

             3.    Hydro Net fails to adequately plead the lack of substantial non-
                   infringing uses................................................................................16

       C.    Hydro Net Is Not Entitled To Post-Suit Damages Because The '706 Patent
             Expired Before Hydro Net Filed its Original Complaint................................18

       D.    Plaintiff Failed To Plead Entitlement To Enhanced Damages. .......................19

VI.    CONCLUSION.......................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
  2018 WL 6974947 (D. Del. Dec. 27, 2018)........................................................16

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015)..........................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................7, 8

*Bendix Corp. v. United States*,
  676 F.2d 606 (Fed. Cir. 1982).............................................................................19

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
  2021 WL 1143767 (E.D. Va. Mar. 25, 2021) ................................................. 14-15

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012)..............................................................13, 17, 18

*Black v. Coupe*,
  2015 WL 1737433 (D. Del. Apr. 10, 2015)........................................................4, 5

*Bot M8 LLC v. Sony Corp. of Am.*,
  No. 2020-2218, 2021 U.S. App. LEXIS 20624 (Fed. Cir. July 13, 2021)......................8, 9, 10

*Collabo Innovations, Inc. v. OmniVision Techs., Inc.*,
  2017 U.S. Dist. LEXIS 10199 (D. Del. Jan. 25, 2017)...........................................13

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)........................................................................................13

*Correa-Martinez v. Arrillaga-Belendez*,
  903 F.2d 49 (1st Cir. 1990).................................................................................12

*Courtesy Prods., L. L.C. v. Hamilton Beach Brands, Inc.*,
  73 F. Supp. 3d 435 (D. Del. 2014)......................................................................15

*Diebold Nixdorf, Inc. v. Hyosung TNS, Inc.*,
  2021 U.S. Dist. LEXIS 42646 (D. Del. Mar. 4, 2021) ..................................... 11-12

*Dodots Licensing Sols. LLC v. Lenovo Holding Co.*,
 2018 U.S. Dist. LEXIS 213202 (D. Del. Dec. 19, 2018)........................................16

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
 363 F.3d 1263 (Fed. Cir. 2004).........................................................................13

*E.I. DuPont de Nemours & Co. v. Heraeus Holding GmbH*,
 No. 11–773–SLR–CJB, 2012 WL 4511258 (D. Del. Sep. 28, 2012)......................16

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
 802 F. Supp. 2d 527 (D. Del. 2011)...................................................................14

*F'Real Foods, LLC v. Hamilton Beach Brands, Inc.*,
 457 F. Supp. 3d 434 (D. Del. May 2, 2020) ................................................. 10-11

*Foman v. Davis*,
 371 U.S. 178 (1962)............................................................................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011).........................................................................................15

*Groove Dig., Inc. v. King.com, Ltd.*,
 C.A. No. 18-836-RGA, 2018 WL 6168615 (D. Del. Nov. 26, 2018)......................20

*IpVenture Inc. v. Lenovo Grp. Ltd.*,
 2012 WL 2564893 (D. Del. June 29, 2012)..........................................................14

*Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*,
 464 F.3d 1339 (Fed. Cir. 2006).........................................................................11

*Kimble v. Marvel Entertainment, LLC*,
 135 S. Ct. 2401 (2015)......................................................................................19

*Lans v. Digital Equip. Corp.*,
 252 F.3d 1320 (Fed. Cir. 2001).........................................................................19

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
 134 S. Ct. 2111 (2014)......................................................................................13

*LoganTree LP v. Omron Healthcare, Inc.*,
 2019 WL 4538730 (D. Del. Sept. 19, 2019).........................................................14

*Merck Co., Inc. v. Mediplan Health Consulting, Inc.*,
 434 F. Supp. 2d 257 (S.D.N.Y. 2006).................................................................19

*MONEC Holding AG v. Motorola Mobility, Inc.*,
 897 F. Supp. 2d 225 (D. Del. 2012)...............................................................14, 15

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
   2013 U.S. Dist. LEXIS 15728, 2013 WL 444642 (S.D. Cal. Feb. 5, 2013) .......................... 15

*Phillips Petroleum Co. v. U.S. Steel Corp.*,
   604 F. Supp. 555 (D. Del. 1985) ............................................................................................ 6

*Pragmatus AV, LLC v. Yahoo! Inc.*,
   2013 WL 2295344 (D. Del. May 24, 2013) ........................................................................ 17

*Pragmatus AV, LLC v. Yahoo! Inc.*,
   No. 11-902-LPS-CJB, 2012 WL 6044793 (D. Del. Nov. 13, 2012) .................................... 17

*Sheridan v. Int'l. Bhd. of Elec. Workers*,
   940 F. Supp. 368 (D. Mass. 1996) ...................................................................................... 12

*Sound View Innovations, LLC v. Facebook, Inc.*,
   204 F. Supp. 3d 655 (D. Del. 2016) ...................................................................................... 6

*Talley v. Christiana Care Health Sys.*,
   2018 U.S. Dist. LEXIS 175082 (D. Del. Oct. 11, 2018) ..................................................... 12

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1358 (Fed. Cir. 2012) ........................................................................................... 15

*TriDiNetworks Ltd. v. NXP-USA, Inc.*,
   2020 WL 2514086 (D. Del. May 15, 2020) ........................................................................ 17

*Valinge Innovation AB v. Halstead New Eng. Corp.*,
   2018 U.S. Dist. LEXIS 88696 (D. Del. May 29, 2018) ....................................................... 19

*Välinge Innovation AB v. Halstead New England Corp.*,
   No. 16-1082-LPS-CJB, 2017 WL 5196379 (D. Del. Nov. 9, 2017) ......................... 17, 18, 19

*Varian Med. Sys., Inc. v. Elekta AB*,
   2016 WL 3748772 (D. Del. July 12, 2016) ......................................................................... 13

*Weisner v. Google LLC*,
   2021 U.S. Dist. LEXIS 1024 (S.D.N.Y. Jan. 4, 2021) ........................................................ 10

*Zapfraud, Inc. v. Barracuda Networks, Inc.*,
   C.A. No. 19-1687-CFC-CJB, 2020 WL 5646375 (D. Del. Sept. 22, 2020) .......................... 15

**Statutes**

35 U.S.C. §154 ........................................................................................................................... 6

35 U.S.C. § 154(a)(2) ................................................................................................................... 6

35 U.S.C. § 154(b)(2)(B) .............................................................................................................. 6

35 U.S.C. § 253...................................................................................................................6

**Rules**

Fed. R. Civ. P. 8(a)(2)........................................................................................................7

## I.     INTRODUCTION & STAGE OF PROCEEDINGS

Plaintiff Hydro Net LLC ("Hydro Net") filed the complaint initiating this action on May 28, 2021—four months *after* U.S. Patent No. 7,187,706 ("the '706 patent" or "patent-in-suit") expired.  (D.I. 1) ("Original Complaint").  Defendant GE MDS, LLC ("GE") moved to dismiss the Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege a plausible claim of infringement.  (D.I. 9, 10).  Hydro Net filed a First Amended Complaint in response.  (D.I. 12) ("Amended Complaint").  Because the Amended Complaint did not cure the deficiencies in the Original Complaint, GE now moves to dismiss the Amended Complaint with prejudice.

Hydro Net's Amended Complaint attaches a claim chart that identifies GE's MDS Orbit Cellular MCR Solution as the "Accused Product" in its preamble, but is otherwise virtually identical to the claim chart Hydro Net attached to its complaints and amended complaints in other suits asserting the '706 patent.[1]  While the claim chart comprises many pages, its substance shows that an infringing system ***must include*** network infrastructure (cell towers and mobile phones) ***provided by other entities***.  Hydro Net does not – and cannot – allege that ***GE*** provides or controls the required infrastructure, so it does not allege a plausible claim of infringement.

Hydro Net's other allegations from its copy-and-paste Amended Complaint similarly fail to pass basic pleading requirements.  The Amended Complaint asserts indirect infringement and a

---

[1]  *Hydro Net LLC v. Cradlepoint, Inc.,* C.A. No. 1:19-cv-02071 (D. Del. Oct. 31, 2019); *Hydro Net LLC v. NetComm Wireless Pty Ltd.,* C.A. No. 1:19-cv-02070 (D. Del. Oct. 31, 2019); *Hydro Net LLC v. Digi International, Inc.,* C.A. No. 1:19-cv-02199 (D. Del. Nov. 25, 2019); *Hydro Net LLC v. Razer USA Ltd.,* C.A. No. 1:20-cv-01133 (D. Del. Aug. 27, 2020); *Hydro Net LLC v. Lantech Comm.'s Global Inc.,* C.A. No. 1:20-cv-1132 (D. Del. Aug. 27, 2020); *Hydro Net LLC v. Juniper Systems, Inc.,* C.A. No. 1:20-cv-01305 (D. Del. Sept. 29, 2020); *Hydro Net LLC v. Hytera Comm.'s America (West), Inc.,* C.A. No. 1:20-cv-01304 (D. Del. Sept. 29, 2020); *Hydro Net LLC v. Coolpad Technologies Inc.,* C.A. No. 1:21-cv-00481 (D. Del. Mar. 31, 2021); *Hydro Net LLC v. KVH Industries, Inc.,* C.A. No. 1:21-cv-00481 (D. Del. Mar. 31, 2021); *Hydro Net LLC v. Barracuda Networks, Inc.,* C.A. No. 1:21-cv-00478 (D. Del. Mar. 31, 2021); *Hydro Net LLC v. Aerohive Networks, Inc.,* 1:21-cv-01095 (D. Del. July 29, 2021).

claim for enhanced damages, but the patent expired before this case began and Hydro Net fails to plead any facts to plausibly show that GE was on notice of alleged infringement prior to the patent's expiration.  In fact, notwithstanding that the '706 patent's expiration has been pointed out numerous times to Hydro Net – in this case and others – Hydro Net baselessly reasserts that GE "*continues* to directly infringe".  (*See, e.g.*, D.I. 12, ¶ 20 (emphasis added).)  GE should not have to incur the cost to continue to defend against this meritless action.  Accordingly, Hydro Net's template Amended Complaint should be dismissed with prejudice.

## II.    SUMMARY OF ARGUMENTS

In its Amended Complaint, Hydro Net does not cure the pleading deficiencies GE identified in its motion to dismiss the Original Complaint, and as such, Hydro Net has still failed to allege a plausible claim for infringement of the expired '706 patent.

1.    <u>Direct Infringement</u>:  Hydro Net fails to provide factual allegations in its Amended Complaint that, when taken as true, articulate why it is plausible that the GE Accused Product infringes the '706 patent.  The asserted claims require three distinct components, which are controlled by different entities or actors, to perform the claimed invention: a "remote station," a "first base station," and a "second base station."  Even accepting Hydro Net's apparent allegation that the Accused Product corresponds to the "remote station" of the '706 patent, Hydro Net does not – and cannot – allege that GE provides or controls the "first base station" and "second base station."  Hydro Net tries to take cover under conclusory assertions that, through "internal testing and usage" of the Accused Product, GE practices the asserted claims.  But such allegations of hypothesized internal testing and usage should not be accepted as true as Hydro Net contradicts itself by alleging that the claimed system/network includes numerous elements not included in the Accused Product, or otherwise controlled or provided by GE.  Moreover, the Amended Complaint

does not allege that "internal testing and usage" plausibly involves two different base stations such that testing would involve performing all of the elements of the claims (*e.g.*, "determining") by the Accused Product or GE.  In short, Hydro Net has not plausibly alleged that the Accused Product (or its use) directly infringes the '706 patent.

2.   <u>Indirect Infringement</u>:  Hydro Net's allegations are equally deficient as to both induced and contributory infringement.  In addition to its failure to plead plausible direct infringement (as the required predicate to indirect infringement), the Amended Complaint fails to plausibly plead any pre-expiration knowledge by GE of the '706 patent.  As with the Original Complaint, Hydro Net pleads actual notice to GE upon service of the Original Complaint.  Hydro Net's attempt to plead pre-expiration notice is to speculate that GE should have been aware of the '706 patent because one of the listed inventors holds numerous patents in this technical field; but numerous courts have rejected this precise argument, finding such an asserted link between a patent-in-suit and the defendant too tenuous to sustain an allegation of knowledge.  And its conclusory allegation in the alternative that "defendants *[sic]* were willfully blind" cannot salvage its contributory infringement theory.

As a matter of law, GE cannot be found to have contributed to or induced infringement of a patent of which it was not aware until after it expired.  Moreover, Hydro Net's own pleading establishes that the Accused Product has substantial non-infringing uses, thereby negating its claim for contributory infringement.

3.   <u>Damages</u>:  Hydro Net cannot recover any damages for infringement occurring *after* the patent expired; its claim for damages for "continuing or future infringement" accordingly fails as a matter of law.  Hydro Net remarkably fails to remove this baseless allegation in its amended pleading.

4.    <u>Enhanced Damages</u>:  Hydro Net's failure to allege any facts plausibly suggesting that GE had knowledge of the '706 patent prior to service of the Original Complaint is similarly fatal to its claim for enhanced damages based on willful infringement.  As the '706 patent expired prior to the service of the complaint, no post-filing claim for willful infringement can be made.

GE requests that the Court dismiss the Amended Complaint with prejudice.  There is no reason to believe that Hydro Net could correct its pleading deficiencies with a third try.  *See Black v. Coupe*, Civ. No. 14–214–RGA, 2015 WL 1737433, at *3 (D. Del. Apr. 10, 2015) (stating "the court may curtail or deny a request for leave to amend where there is repeated failure to cure deficiencies by amendments previously allowed") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted).

## III.    STATEMENT OF FACTS

### A.    The '706 Patent And The Asserted Claims

The '706 patent, entitled "Handoff and Source Congestion Avoidance Spread-Spectrum System and Method," issued from an application filed two decades ago and is generally directed to wireless communications between mobile devices and cellular towers.  The '706 patent relates to "packetized, code-division-multiple-access [CDMA] communications, and more particularly to hand-off of a remote station, between base stations." (D.I. 12-1 at 7, 1:18-20).  The patent specifies that the "hard handoff" and "soft handoff" mechanisms result in "data loss" and "decrease in capacity," respectively.  (*Id.*, 1:61-67).  In order to overcome these issues, the patent is directed to providing "continuous operation of a remote station between base stations" (*id.*, 2:7-9), wherein the "remote station" is configured to monitor the activity of other nearby base stations, and can switch to a different base station that has more capacity than the original base station to avoid network congestion (*id.*, 2:1-3:48 and Abstract).

The claimed invention of the asserted claims (claims 1, 6 and 10) requires three distinct components, which are controlled by different entities or actors, namely—"first base station;" "second base station;" and "remote station." (*Id.*, 12-13). For example, claim 6 of the '706 patent, which is one of the three "exemplary" asserted claims, is illustrative of the alleged invention:

6.     An improvement to a spread-spectrum system comprising:

a frequency division duplex (FDD), distributed network;

**a first base station** (BS), located in, and part of, the FDD distributed network, for transmitting, using radio waves, a first BS-packet signal at a first frequency;

**a second base station**, located in, and part of, the FDD distributed network, for transmitting, using radio waves, a second BS-packet signal at a second frequency, with the second frequency different from the first frequency;

**a remote station** (RS) for receiving the first BS-packet signal and the second BS-packet signal, and thereby determining a first RS-received signal and a second RS-received signal, respectively; and

said remote station for determining that a first signal falls below a threshold and that a second signal metric of the second RS-received signal is above the threshold, and that the second base station has available capacity, thereby deciding to change base stations.

(*Id.*, 13 at 13:1-20). The other two exemplary claims are claim 1 (which recites substantially the same limitations as claim 6 in method form) and claim 10 (which recites substantially the same limitations as claim 6 in means-plus-function form). (*Id.*, 12-13 at 11:19-42; 14:17-38).

**B.     The '706 Patent Expired on January 12, 2021**

The patent application resulting in the '706 patent is a continuation of an earlier patent application that resulted in U.S. Patent 6,314,126 (the "'126 patent"). The '706 patent therefore expired on January 12, 2021, which is 20 years from the January 12, 2001 filing date of the

application that issued as the '126 patent.  *See* 35 U.S.C. § 154(a)(2).

During prosecution of the patent application that ultimately issued as the '706 patent, the examiner rejected the claims as obvious in view of the '126 patent.  In response to that rejection, the applicant expressly disclaimed any patent term that would extend beyond the full term of the '126 patent, (*see* Ex. A (File Wrapper) at GE-000711):[2]

> "Linex Technologies, Inc. hereby disclaims the terminal part of all currently pending claims in U.S. patent application having serial number 09/968,832 [now '706 patent], of any patent granted on U.S. patent application having serial number 09/968,832, which would extend beyond the full-term expiration date, as defined in 35 U.S.C. §154, of U.S. Patent No. 6,314,126, [...]
> currently pending claims in the U.S. patent application having serial number 09/968,832 [now '706 patent], in any patent to be granted on the above-captioned application ***will expire no later than the full-term expiration date, as provided by 35 U.S.C. §154, of U.S. Patent No. 6,314,126***."

(*Id.* at GE-000712-713) (emphasis added).

While the cover page of the '706 patent notes that it has a 721-day patent term adjustment, these additional days do not extend the term of the patent due to the filing of the terminal disclaimer.  *See* 35 U.S.C. § 154(b)(2)(B).  The '706 patent therefore expired the same day as its parent '126 patent—January 12, 2021, or more than four months before Hydro Net filed its Original Complaint against GE.  *See* 35 U.S.C. § 154(a)(2); 35 U.S.C. § 253; *Phillips Petroleum Co. v. U.S. Steel Corp.*, 604 F. Supp. 555, 563 n.32 (D. Del. 1985) ("A terminal disclaimer operates to limit the terminal date of a subsequent patent so that it is coterminous with a prior patent.").

GE raised the fact that the '706 patent expired pre-suit in its motion to dismiss the Original

---

[2] The Court may properly consider the '706 patent's prosecution history in deciding this motion.  *See Sound View Innovations, LLC v. Facebook, Inc.*, 204 F. Supp. 3d 655, 658 (D. Del. 2016) ("'[i]n deciding a Rule 12(b)(6) motion, a court must consider [...] matters of public record,'" wherein "[a] court may also take judicial notice of the prosecution histories, which are 'public records'" (citations omitted)).

Complaint.  (D.I. 10, 4-5).[3]  Hydro Net simply cannot rebut this fact (and has made no attempt to do so in the Amended Complaint), which as discussed below, defeats its claims for indirect infringement, damages for purported "continuing" infringement, and enhanced damages.

### C.     The Accused Product

Plaintiff alleges that GE has directly infringed claims 1, 6 and 10 through its sale, and its employees' use, of a single product—the GE MDS Orbit Cellular MCR Solution.  (D.I. 12, ¶ 25). As reflected in the websites cited in the claim chart appended to the Amended Complaint (which is identical to the deficient claim chart attached to the Original Complaint), the Accused Product includes a "compact design" with "router functionality" that can be used in applications such as "oil and gas," "electric utilities," "water and wastewater" and "smart cities and municipalities." (*See, e.g.,* D.I. 12-2 at 1.)  However, the Amended Complaint and claim chart, which recognizes that the Accused Product has "LTE [] capabilities," still fail to plausibly plead how a *single* Accused Product – as alleged here – can function to operate as a "system" claim that requires *three different and discrete components*, and thus as a practical matter requires at least two and possibly three entities to operate or provide the claimed system.

## IV.    LEGAL STANDARD

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Indeed, the complaint "must [] give the alleged infringer fair

---

[3] Defendants in other cases pending before this Court have likewise raised this issue.  *See, e.g., Hydro Net LLC v. Barracuda Networks, Inc.,* C.A. No. 1:21-cv-00478 (D. Del. Mar. 31, 2021) (D.I. 17; filed July 30, 2021); *Hydro Net LLC v. KVH Industries, Inc.,* C.A. No. 1:21-cv-00481 (D. Del. Mar. 31, 2021) (D.I. 19; filed August 30, 2021).

notice of infringement" and "place the alleged infringer 'on notice of what activity … is being accused of infringement.'"  *Bot M8 LLC v. Sony Corp. of Am.*, No. 2020-2218, 2021 U.S. App. LEXIS 20624, at *17 (Fed. Cir. July 13, 2021).  "There must be some factual allegations that, when taken as true, articulate why it is *plausible* that the accused product infringes the patent claim."  *Id.* at *19 (emphasis added).  In other words, "a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content."  *Id.* at *18.

A claim is facially plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  A complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555 (citation omitted).  In determining whether dismissal is warranted, the Court may consider the "complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device."  *Bot M8 LLC*, 2021 U.S. App. LEXIS 20624, at *18.

## V.     ARGUMENT

### A.     Hydro Net Still Fails To Plausibly Plead Facts To Support A Claim For Direct Infringement.

Hydro Net alleges that GE "continues to directly infringe one or more claims of the '706 patent […] by making, using, offering to sell, selling and/or importing;" and "internal testing and usage" of the Accused Product.  (D.I. 12, *e.g.*, ¶¶ 18, 20-21, 26, 31, 37).  But Hydro Net does not, and cannot, plead a plausible claim of direct infringement because Hydro Net fails to allege

sufficient facts that show the Accused Product could even do what is required by the claims of the '706 patent. *Bot M8 LLC*, 2021 U.S. App. LEXIS 20624, at *19.  In its motion to dismiss the Original Complaint, GE set forth the same arguments as it does below, yet Hydro Net made no responsive amendments to its claim chart, and the amendments it made to the Original Complaint fail to cure the pleading deficiencies.[4]

### 1.    The un-amended claim chart fails to plead that GE makes or performs the alleged invention.

The asserted claims are directed to an *entire* communication system/network that requires *three* distinct components (operated by at least two and possibly three entities) to provide the alleged system, namely—a "first base station" and "second base station" (*i.e.*, cell towers), and a "remote station" (such as a mobile phone) (D.I. 12-1 at 12-13), wherein, each of these distinct components performs different functions. *See supra* Section III(A).

To illustrate, claim 10 of the '706 patent recites a "system" that includes the following elements: (#1) a frequency division duplex (FDD) ***distributed network***, (#2) a ***first base station*** located in and part of the FDD distributed network, (#3) a ***second base station*** located in and part of the FDD distributed network, and (#4) a ***remote station*** having the ability to switch between the first and second base stations based on a "signal metric" (*e.g.*, signal strength).  (D.I. 12-1, 14 at 14:17-38).  The claim chart makes only a few references to the Accused Product in the preamble and alleges that it corresponds to the "remote station" claim element.  (D.I. 12-2 at 1-5, 71-74, 108-112, 138-141, 175-178).  Even accepting as true that the Accused Product corresponds to the "remote station" for purposes of deciding the present motion, Hydro Net still fails to allege a plausible claim for infringement by GE because elements (1)-(3) of claim 10 are satisfied, if at all,

---

[4]  The vast majority of Hydro Net's new allegations are simply recitations of claim limitations with a conclusory statement that the Accused Product practices the limitation.  (*See* D.I. 12, ¶¶ 26-42.)  This is insufficient to plausibly state a claim for infringement.  *See supra* Section IV.

only by the cellular network infrastructure provided by third parties.  There is no allegation that GE provides or controls this infrastructure (*see* D.I. 12-2 at 144-174 (citing to cellular communications standards)), and Hydro Net still fails to point to any documentation for the Accused Product and instead relies on the same technical specification documents related to LTE networks, which make no reference to the Accused Product.

As there are no factual allegations showing that it is plausible that the Accused Product does what is required to perform the system invention in the asserted claims, dismissal is warranted.  *Bot M8 LLC*, 2021 U.S. App. LEXIS 20624, at *22 (the 'kitchen sink' approach to pleading by plaintiff rendered "infringement claim not even possible, much less plausible").

Hydro Net's allegations regarding the method claim (claim 1) fares no better, which again essentially recites the same base station monitoring and switching structure that is recited in the system claims.  (D.I. 12, ¶¶ 26-30; *see also, e.g.*, D.I. 12-1 at 11:22-24, 11:27-30).  Hydro Net does not allege that those method steps are performed by a user of the Accused Product.  Instead, it is apparent from Hydro Net's claim chart that the steps are performed, if at all, by third-party cellular service providers (*see* D.I. 12-2 at 16-71 (citing to cellular communications standards)), thus similarly warranting dismissal.  *See Weisner v. Google LLC*, 2021 U.S. Dist. LEXIS 1024, at *3-4 (S.D.N.Y. Jan. 4, 2021) (granting defendant's motion to dismiss because plaintiff was required to plead sufficient facts to support a plausible claim that the accused direct infringer practiced every limitation of the asserted method claims that required "multiple actors …, such as the users, the vendors, and some sort of GPS provider," all of whom were third parties).

And as with the Original Complaint, Hydro Net has failed to allege any facts that would support a "divided infringement" theory of direct infringement, thus effectively conceding it cannot assert one.  *See, e.g.*, *F'Real Foods, LLC v. Hamilton Beach Brands, Inc.*, 457 F. Supp. 3d

434, 437 (D. Del. May 2, 2020) ("Direct infringement of a method claim can only 'occur[ ] where all steps of [the] claimed method are performed by or [are] attributable to a single entity.'"); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("We will hold an entity responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise."). Hydro Net does not allege the existence of any such "joint enterprise" or "direct[ing] or control[ing]" another's performance.

Taken as true, Hydro Net's own allegations show that any further amendment to the complaint would be futile because there are no plausible circumstances in which GE alone could infringe the asserted claims. Hydro Net does not and cannot allege that the Accused Product has the functionality or capability of more than one of the *three distinct components*. Nor can Hydro Net allege that GE – as a single accused infringer – provides the other two components of the asserted claims. Despite having the benefit of GE's first motion to dismiss as a guide, Hydro Net still has not plausibly alleged that the Accused Product or GE practices *any* limitation of the asserted claims. Accordingly, this theory of infringement should be dismissed with prejudice. *See Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006) (leave to amend may be denied when "the amendment would be futile").

### 2.     Hydro Net's amended allegations do not cure the deficiencies in its direct infringement claims.

Hydro Net attempts to sidestep its deficiencies by alleging that, "at least in [GE's] internal testing and usage," the Accused Product is "a part of the spread-spectrum system," and that the Accused Product somehow interacts with "another product/device" and "several base stations." (D.I. 12, *e.g.*, ¶¶ 26, 32, 37). However, Hydro Net's unsupported allegations are nothing more than bald assertions of infringement that the Court is not obligated to accept as true. *Diebold*

*Nixdorf, Inc. v. Hyosung TNS, Inc.*, 2021 U.S. Dist. LEXIS 42646, at *4 (D. Del. Mar. 4, 2021) ("The Court is not obligated to accept as true 'bald assertions'"); *see also Sheridan v. Int'l Bhd. of Elec. Workers*, 940 F. Supp. 368, 372 (D. Mass. 1996) (deferential reading of plaintiff's complaint does not require court to credit "'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation'" (*quoting Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1990)).

Moreover, Hydro Net's own allegations confirm that "internal testing and usage" of the Accused Product does not practice the asserted claims as the claimed system/network is comprised of numerous elements – such as a distributed network – which Hydro Net does not allege are provided or controlled by GE.  (D.I. 12, ¶¶ 26, 32, 38) ("a network comprising the accused product … *another product/device* to which the accused product can communicate via wireless tethering, and *several base stations*" (emphasis added)).  The Court need not accept allegations as true that are contradicted by other allegations.  *See, e.g., Talley v. Christiana Care Health Sys.,* No. 20 Civ. 2862 (AKH), 2018 U.S. Dist. LEXIS 175082, at *14 n.4 (D. Del. Oct. 11, 2018) ("'court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true' when the allegations 'are internally inconsistent'" (citation omitted)).  Moreover, even accepting them as true, the Amended Complaint does not allege that "internal testing and usage" plausibly involves two different base stations such that testing would involve performing all of the elements of the claims (*e.g.*, "determining") by the Accused Product or GE.

In short, the Court is not obligated to accept as true conclusory assertions of "internal testing and usage" by GE to render the direct infringement claims any more plausible. Accordingly, dismissal of Hydro Net's direct infringement claim is warranted.

**B.    Hydro Net Fails To Adequately Plead A Plausible Claim For Indirect Infringement.**

Hydro Net's allegations of indirect infringement remain inadequate for multiple reasons, here as well notwithstanding the benefit of having GE's motion to dismiss the Original Complaint. First among them, GE has shown that Hydro Net has not alleged facts plausibly showing that GE directly infringes the patent.  *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("[i]ndirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (to support indirect infringement claim, plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists"); *see also Varian Med. Sys., Inc. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 WL 3748772, at *3 (D. Del. July 12, 2016) (citing *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 & n.3 (2014)).  In addition, Hydro Net has not alleged facts plausibly showing that GE had pre-suit knowledge of the '706 patent; the Amended Complaint's generic allegations fail to plausibly allege that GE knowingly induced infringement and possessed specific intent to encourage another's infringement; and Hydro Net fails to adequately plead the lack of substantial non-infringing uses.

**1.    The Amended Complaint fails to sufficiently plead pre-suit knowledge of the '706 patent.**

Both forms of indirect infringement require pre-suit knowledge of the patent.  *Collabo Innovations, Inc. v. OmniVision Techs., Inc.*, C.A. No. 16-197-SLR-SRF, 2017 U.S. Dist. LEXIS 10199, at *23 (D. Del. Jan. 25, 2017) ("The court confirmed that pre-suit knowledge of the patent must be alleged unless the plaintiff limits its cause of action for indirect infringement to post-litigation conduct."); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit

and knowledge of patent infringement."); *LoganTree LP v. Omron Healthcare, Inc.*, C.A. No. 18-1617 (MN), 2019 WL 4538730, at *4 (D. Del. Sept. 19, 2019) ("Indirect infringement, whether it be induced or contributory, requires pleading that the defendant has knowledge of the patent."). Hydro Net alleges that GE had knowledge of the '706 patent upon "service of [the] Original Complaint," which occurred on June 9, 2021.  (D.I. 12, ¶ 22; D.I. 6.)

While Hydro Net alleges that "[o]n information and belief, in conducting prior art searches and freedom to operate analyses, Defendant became apprised of the ['706 patent]", and that GE "*should* be aware" of the '706 patent because one of the listed inventors "holds dozens of patents related to CDMA/spread-spectrum technology" (D.I. 12, ¶ 45(b)), these are conclusory allegations that courts have repeatedly rejected.  *See, e.g.*, *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market …."); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) ("link between the [asserted] patent and defendants [involvement] in the licensing agreements with a third party is too tenuous to sustain an allegation of knowledge"); *IpVenture Inc. v. Lenovo Grp. Ltd.*, C.A. No. 11–588–RGA, 2012 WL 2564893, at *2 (D. Del. June 29, 2012) ("At most, the factual allegations plausibly support the conclusion that both the Plaintiff and [Defendant] had patents in the [same] field, but there is nothing to plausibly support the conclusion that [Defendant] 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and that [Defendant] knew or should have known that its actions constituted infringement of a valid patent.").

Indeed, if such "competitor in the field" arguments were accepted, then "every patent case between two companies in the same industry would, by default, require … factually unsupported

supposition about what the other 'must have known.'" *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, No. 2:18cv585, 2021 WL 1143767, at *12 (E.D. Va. Mar. 25, 2021); *see also Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12–CV–1067 BEN (WMC), 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013) (finding plaintiff's allegations were "too speculative to support a reasonable inference that [the defendant] knew of the patent prior to commencement of th[e] suit" based on the fact that it "holds hundreds of patents, regularly files patent applications, and performs due diligence including patent searches and prior art searches" in the relevant field).[5]

Hydro Net's inability to plausibly allege that GE had pre-expiration knowledge of this patent renders Hydro Net's indirect infringement claims facially implausible, and its indirect claims should be dismissed. *Zapfraud, Inc. v. Barracuda Networks, Inc.*, C.A. No. 19-1687-CFC-CJB, 2020 WL 5646375, at *2 (D. Del. Sept. 22, 2020) (recommending dismissal of pre-suit claims for indirect infringement), *report and recommendation adopted in relevant part, rejected in part*, 2021 WL 1134687 (D. Del. Mar. 24, 2021).

## 2.   Hydro Net still fails to adequately plead that GE knowingly induced infringement and possessed specific intent to encourage another's infringement.

"To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d

---

[5] Hydro Net alleges "[t]o the extent defendants argue they were not aware of the Patent-in-Suit, defendants are willfully blind, which is alone sufficient to impute knowledge for contributory infringement, even in the absence of actual knowledge." (D.I, 12, ¶ 45(c).) This assertion is devoid of supporting facts, and should not be taken as true. A willfully blind defendant must (1) "subjectively believe that there is a high probability that a fact exists," and (2) "take deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769-70 (2011). Hydro Net's conclusory allegation fails to plausibly support a willful blindness theory. *MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. Supp. 2d 225, 234 (D. Del. 2012) (concluding pleading failed to allege knowledge of a patent via willful blindness where the allegations did "not suggest that [the defendants] purposefully avoided knowledge" of the asserted patent).

435, 440 (D. Del. 2014) (*citing Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012)); *see also Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, C.A. No. 18-098 (MN), 2018 U.S. Dist. LEXIS 213202, at *9 (D. Del. Dec. 19, 2018) ("To give rise to inducement liability, the accused infringer must know that the induced acts constitute infringement of another's patent.") (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)).

The Amended Complaint makes generic allegations that GE "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '706 patent," and sells product "to their customers for use in end-user products in a manner that infringes one or more claims of the '706 Patent."  (D.I. 12, ¶¶ 23, 43.)  But the Amended Complaint fails to identify what those allegedly infringing "end-user products" are, let alone enable GE to evaluate Hydro Net's allegation that those products infringe the '706 patent.  Such allegations are insufficient to survive a motion to dismiss.  *See Dodots Licensing Sols.*, 2018 U.S. Dist. LEXIS 213202, at *9-11 (finding the "First Amended Complaint fails to state a claim of induced infringement" as plaintiff simply alleged that "Defendants induce infringement of the Patents-in-Suit by their customers, and intend to do so, through their marketing materials, brochures, product manuals, and other materials such as their website").

### 3. Hydro Net fails to adequately plead the lack of substantial non-infringing uses.

A complaint must allege specific facts regarding "all elements of [a] contributory infringement claim".  *E.I. DuPont de Nemours & Co. v. Heraeus Holding GmbH*, No. 11–773–SLR–CJB, 2012 WL 4511258, at *9 (D. Del. Sep. 28, 2012).  This includes adequately pleading facts supporting the lack of any substantial non-infringing use: "reciting this element of the cause of action, without more, is not sufficient to survive a motion to dismiss under Rule 12(b)(6)." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN-SRF, 2018 WL 6974947, at *6 (D. Del.

Dec. 27, 2018).  A patentee cannot merely "track the statutory language", *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2017 WL 5196379, at *4 (D. Del. Nov. 9, 2017), *report and recommendation adopted*, 2018 WL 11013902 (D. Del. Jan. 10, 2018), and must plead sufficient factual matter to make it plausible that the accused products "have no substantial non-infringing uses".  *TriDiNetworks Ltd. v. NXP-USA, Inc.*, C.A. No. 19-1062-CFC-CJB, 2020 WL 2514086, at *3 (D. Del. May 15, 2020) (citation omitted); *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902-LPS-CJB, 2012 WL 6044793, at *16 (D. Del. Nov. 13, 2012) ("The mere allegation that Yahoo! Messenger may be used to infringe is not sufficient to allow a reasonable inference that, *inter alia*, Yahoo! Messenger has *no* substantial noninfringing uses." (emphasis in original)), *report and recommendation adopted*, 2013 WL 2295344 (D. Del. May 24, 2013).

The requirement to plead specific facts showing the lack of substantial non-infringing uses is particularly acute where, as here, the patent is directed to a system comprised of *individual components* – a first base station, second base station, and remote station.  In this circumstance, the patentee must plead "facts that allow an inference that the *components sold* or *offered for sale* have no substantial non-infringing uses."  *In re Bill of Lading*, 681 F.3d at 1337 (emphasis added).

Hydro Net has not alleged *any* facts to suggest that the individual components recited in the asserted claims can *only* be used in the "spread-spectrum system" claimed by the '706 patent, and instead merely parrots the language of the statute by alleging that "[e]xemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use." (D.I. 12, ¶ 44).  This is insufficient as a matter of law.  *See, e.g.*, *TriDiNetworks Ltd.*, 2020 WL 2514086, at *4 (dismissing contributory infringement claim where patentee did not show "why it is plausible that [various] components can only be used together to infringe the patent claim"); *Välinge Innovation AB*, 2017 WL 5196379, at *4 (dismissing contributory infringement claim where

17

patentee did not plead "enough facts to help [the Court] understand why it is plausible that these four methods are the only methods that could be used to assemble the accused products" (emphasis in original)).

In fact, the un-amended claim chart supports the position that the individual components can be used *other* than with the "spread-spectrum system" claimed by the '706 patent.  The specification identifies the claimed "spread-spectrum system" as a <u>CDMA</u> (code-division-multiple access) network.  (*See* '706 patent, Abstract; 2:3-6, 10-15, 4:56-62.)  In the claim chart, Hydro Net asserts that the "accused product has LTE […] capabilities" (D.I. 12-2 at 1, 71, 138), and in support cites to the publication "LTE Standards" by Jean-Gabriel Remy.  (*Id.* at 30, 98, 165.)  But Hydro Net's own cited source explains that the claimed "spread-spectrum system" of the '706 patent – a CDMA network – *does not have the capabilities of an LTE network*.  (*See* LTE Standards at Introduction, p. xxxii ("LTE was immediately adopted by Qualcomm CDMA followers, especially Verizon, which [] abandon[ed] CDMA progressively.").)  Accordingly, Hydro Net's claim for contributory infringement should be dismissed.  *In re Bill of Lading*, 681 F.3d at 1338 ("Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie.").

### C.    Hydro Net Is Not Entitled To Post-Suit Damages Because The '706 Patent Expired Before Hydro Net Filed its Original Complaint.

In its Amended Complaint, Hydro Net *repeatedly* alleges that GE continues to directly and indirectly infringe the '706 patent (*see, e.g.*, D.I. 12, ¶¶ 20, 21, 23, 43 and 44**)**, and thus continues to seek damages for "continuing or future" infringement of the '706 patent (*see id.* Prayer For Relief, ¶ D), which expired more than four months before Hydro Net initiated this lawsuit.  These allegations are manifestly implausible as an expired patent cannot be infringed.  *See, e.g.*, *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2407 (2015) (explaining that "when the patent expires,

the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public") (*citing Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230 (1964)).

GE made this same argument in its motion to dismiss the Original Complaint (D.I. 10, 11-12), and none of Hydro Net's amendments address this point, much less contravene it.  With an expired patent, Hydro Net's claim for post-expiry damages fails as a matter of law.  *Merck Co., Inc. v. Mediplan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 265 (S.D.N.Y. 2006) ("The Court cannot award damages or injunctive relief based on defendants' infringement for the period after a patent's expiration because an expired patent cannot be infringed.") (citing *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001)); *see also Bendix Corp. v. United States*, 676 F.2d 606, 609-10 (Fed. Cir. 1982) (holding "there could be no recovery under any circumstances" for post-expiration infringement)).

Accordingly, at a minimum, this Court should dismiss all of Hydro Net's claims for ongoing direct and indirect infringement for any period after January 12, 2021, as well as its claim for future damages.

### D.   Plaintiff Failed To Plead Entitlement To Enhanced Damages.

To state a claim for enhanced damages based on alleged willful infringement, "the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Valinge Innovation AB v. Halstead New Eng. Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 U.S. Dist. LEXIS 88696, at *32 (D. Del. May 29, 2018); *see also ZapFraud*, 2021 WL 1134687, at *4 ("[T]he operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint ...."); *see also Groove Dig., Inc. v. King.com, Ltd.*, C.A. No. 18-836-

19

RGA, 2018 WL 6168615, at *3 (D. Del. Nov. 26, 2018) (complaint "fails to sufficiently state a claim for willful infringement" because "pleading standard for willful infringement [] requires allegations of willful conduct prior to the filing to the claim" and the "complaint alleges only post-filing knowledge of the alleged infringement.").

Hydro Net's bare allegations do not plausibly allege that GE had pre-suit knowledge of the '706 patent or knowledge at the time of the infringement.  (D.I. 12, ¶ 45(b)&(c)).  Since the '706 patent expired prior to the service of the complaint, no post-filing claim for willful infringement can be made, and any amendment would be futile.  Even if it does not dismiss the Amended Complaint in its entirety, the Court should dispose of this overreaching request.

## VI.     CONCLUSION

For the foregoing reasons, GE respectfully requests that this Court grant this motion to dismiss Hydro Net's Amended Complaint with prejudice.

September 15, 2021                                        Respectfully submitted,

                                                         **REED SMITH LLP**

                                                         /s/ *R. Eric Hutz*
                                                         R. Eric Hutz
                                                         1201 North Market Street
                                                         P.O. Box 1347
                                                         Wilmington, DE 19899
                                                         (302) 658-9200
                                                         ehutz@reedsmith.com

OF COUNSEL:
Jennifer Yule DePriest
Sidharth Kapoor
**REED SMITH LLP**
10 S. Wacker Dr., Suite 4000
Chicago, IL, 60606
312-207-1000

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 15, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 15, 2021 upon the following in the manner indicated:

/s/ R. Eric Hutz